IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

_____  )
JAN S. GALLO,                        )
                                     )
       Plaintiff,                   )
                                     )
v.                                   )  Civil Action No. 06-0198
                                     )
US INVESTIGATION SERVICES,           )
PROFESSIONAL SERVICES                )
DIVISION, INCORPORATED,              )
                                     )
       Defendant.                   )
_____  )

### MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion to Dismiss Counts 2-6 of the Complaint (Motion to Dismiss) pursuant to Fed. R. Civ. P. 12(b)(6), and Defendant's Motion to Strike Plaintiff's Demand for Trial by Jury pursuant to Fed. R. Civ. P. 39(a)(2). The challenged portions of Plaintiff's Complaint allege gender discrimination in violation of the Virginia Human Rights Act (VHRA), Va. Code Ann. §§ 2-2.3900 to -2.3902 (2005) (Count 2); employment discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (2000) (Count 3); age discrimination in violation of the VHRA (Count 4); intentional infliction of emotional distress (Count 5); and defamation (Count 6). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), 1367.

Plaintiff is a fifty-two year-old female resident of Dunn Loring, Virginia. Prior to 1996 Plaintiff worked for the Federal Office of Personnel Management (OPM). In 1996 OPM privatized its investigative functions through the formation of US Investigations Services, Inc. (USIS). On May 31, 2001, Plaintiff executed a Waiver of Jury (Waiver) with USIS. The Waiver provided that Plaintiff and USIS, or its successors or assigns, agreed to waive their respective rights to trial by jury regarding claims arising out of Plaintiff's employment with USIS.

Defendant is a Virginia corporation with a principal place of business in the Commonwealth of Virginia, and is a wholly owned subsidiary of USIS. In 2002 Plaintiff transferred from USIS to Defendant. Pursuant to her new employment with Defendant and the provisions of the Waiver, USIS assigned to Defendant the Waiver and its obligation to maintain various insurance and compensation benefits for Plaintiff. Plaintiff claims that Defendant unlawfully terminated her employment on March 7, 2005, and subjected her to harassment, discrimination, and retaliation during her employment because of her age and gender. Defendant claims that Plaintiff was terminated for insubordination.

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts must review all well plead allegations contained in a plaintiff's complaint to determine whether such allegations could possibly entitle the plaintiff to the relief it

seeks. Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 325-26 (4th Cir. 2001). While courts must view the allegations contained in a plaintiff's complaint in the light most favorable to the plaintiff, E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000), courts need not credit conclusory legal terms and allegations that are not reasonably supported by factual allegations. Taubman Realty Group Ltd. P'ship v. Mineta, 320 F.3d 475, 479 (4th Cir. 2003); Young v. City of Mt. Ranier, 238 F.3d 567, 577 (4th Cir. 2001).

Count 2 and Count 4 of Plaintiff's Complaint assert claims under the VHRA. However, the Virginia General Assembly has explicitly limited the VHRA so that a private cause of action only exists against "an employer of more than five but less than fifteen persons." Va. Code Ann. § 2.1-725(B). Plaintiff alleges that Defendant has approximately 1,800 employees, therefore, Defendant's Motion to Dismiss should be granted as to Count 2 and Count 4.

Count 3 of Plaintiff's Complaint alleges unlawful discharge, hostile work environment, and retaliatory discharge in violation of the ADEA. The Court finds that Plaintiff has stated "a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), therefore, Defendant's Motion to Dismiss should be denied as to Count 3.

Count 5 of Plaintiff's Complaint alleges intentional infliction of emotional distress. Under Virginia law, the tort of intentional infliction of emotional distress has four elements: "(1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous and intolerable; (3) there was a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress was severe." Harris v. Kreutzer, 271 Va. 188, 203 (2006) (quoting Womack v. Eldridge, 215 Va. 338, 342 (1974)). Plaintiff has failed to sufficiently allege the second and fourth elements.

Under the second element of intentional infliction of emotional distress, conduct is outrageous and intolerable if it "offends against the generally accepted standards of decency and morality." Womack, 215 Va. at 342. The only specific conduct that Plaintiff alleges is that when her employment was terminated she was escorted from Defendant's premises in a humiliating manner and that the basis for her termination was conveyed to her former co-workers. Such conduct, as a matter of law, does not offend generally accepted standards of decency and morality.

Under the fourth element of intentional infliction of emotional distress, emotional distress is severe when "the distress inflicted is so severe that no reasonable person could be expected to endure it." Russo v. White, 241 Va. 23, 27 (1991). Plaintiff's allegations of emotional distress are not based on

factual assertions, but are simply conclusory legal statements. Therefore, Defendant's Motion to Dismiss should be granted as to Count 5.

Count 6 of Plaintiff's Complaint alleges that Defendant defamed Plaintiff by informing some of its employees that Plaintiff was terminated for intentional misconduct. Under Virginia law, the tort of defamation is defined as the publication of an actionable statement with the requisite intent. Jordan v. Kollman, 269 Va. 569, 575 (2005). However, statements made by "an employer to his employees of the reason for the discharge of a fellow employee" are privileged, Kroger Co. v. Young, 210 Va. 564, 567 (1970), unless they are made with malice. Larimore v. Blaylock, 259 Va. 568, 573 (2000). Plaintiff fails to allege that Defendant acted with malice when explaining her termination to its employees, therefore, Defendant's Motion to Dismiss should be granted as to Count 6.

Individuals have an absolute right to contractually waive their Seventh Amendment right to trial by jury, so long as such waiver is knowing and intentional. Leasing Serv. Corp. v. Crane, 804 F.2d 828, 832 (4th Cir. 1986). The party seeking enforcement of such a waiver has the duty of showing that consent to the waiver was knowing and intentional. Id. at 833. The undisputed evidence in this case is that Plaintiff knowingly and intentionally entered into the Waiver. The Waiver is a single

page document, clearly titled and identified, in plain English that Plaintiff voluntarily signed. There is no evidence that Plaintiff was pressured into signing the Waiver or that the terms of the Waiver were not negotiable. Furthermore, the Waiver contains a conspicuous warning admonishing Plaintiff to consult with an attorney prior to signing the Waiver, therefore, Defendant's Motion to Strike should be granted.

An appropriate Order shall issue.

/s/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 8, 2006